### NEUMAN & KIRMSE v. VOGELSANG.
### (No. 7996.)

(Court of Civil Appeals of Texas. Galveston. Dec. 10, 1921.)

**Landlord and tenant ⬅63(1)—Sublessee cannot deny his landlord's title.**

A sublessee, when sued by his immediate landlord in forcible detainer, could not deny such landlord's title on the ground that he obtained his lease from the owners by fraud and misrepresentation.

Appeal from Fort Bend County Court; G. C. Baker, Special Judge.

Suit by L. A. Vogelsang against Neuman & Kirmse. From a judgment for plaintiff, defendants appeal. Affirmed.

J. M. Gibson and C. I. McFarlane, both of Richmond, for appellants.

PLEASANTS, C. J. This appeal is from a judgment in favor of appellee rendered in an action of forcible detainer brought by him against the appellants, J. J. Neuman and Robert Kirmse, who as partners were doing business under the firm name of Neuman & Kirmse. The premises involved is the lower story of a brick store building situated on the west 90 feet of lots 6, 7, and 8, in block 35, in the town of Rosenberg, and being the western building of the two store buildings situated on the parcel of land above described.

The evidence shows that appellee, who held the premises above described under a lease from Jacob Gray and wife, the owners of the property, on the 1st day of March, 1919, verbally agreed with appellants to let the storeroom in controversy for a rental of $60 per month, payable in advance; the contract of rental being from month to month. Appellants paid $60 per month for the months of March, April, and May. Before the 1st day of May appellee notified appellants that they must surrender possession on the 1st day of June or pay a rental of $75 for that month, and further notified them in writing

some time during the month of May that they could not occupy the building after the 1st of July unless they paid a rental of $125 per month. Appellants paid the $75 on the 1st day of June, but failed and refused to pay the $125 rental for the month of July. They offered appellee $75 per month, but this was refused by him. Appellants refused to surrender possession of the building, after demand in writing had been made therefor by appellee, and have continued to occupy and use the building for store purposes since the 1st day of August, 1919, without paying appellee any rent therefor. The reasonable rental value of the building from July 1, 1919, up to the time of the trial was shown to be $450.

Appellants in the court below, in addition to a general denial and a plea of not guilty, especially pleaded that the lease from Jacob Gray and wife under which appellee held the premises was void because obtained by fraud and false representations, and had been declared forfeited by Gray and wife on July 25, 1919, because of the failure of appellee to comply with its terms.

The answer contains the following averments:

"In connection with the issues of fact set forth in defendants' foregoing pleas, these defendants say that there was no relation of landlord and tenant existing between the plaintiff and defendants as to the said premises as to the time of filing of this proceeding, and the defendants allege and show that prior to the 27th of January, 1919, these defendants were occupying said premises, including the lower and upper floors of said buildings located on a portion of the west 90 feet of lots 6, 7, and 8, in block 35, town of Rosenberg, Fort Bend county, Tex., as alleged in plaintiff's petition, as tenants of one Jacob Gray and Amy Gray, husband and wife, paying a monthly rental to the said Jacob Gray and Amy Gray of the sum of $75 per month; and that they were engaged in conducting a mercantile business in said building with a large assortment of dry goods and groceries of the value aggregating about $30,000; and that they were doing a rival and competitive business with the said L. A. Vogelsang, who was at the said time and has ever since conducted in Rosenberg, Tex., a similar establishment; and that said L. A. Vogelsang, contriving and intending to destroy defendants' said establishment and to put these defendants out of business in order to entirely eliminate their competition for the trade in Rosenberg, Tex., secretly persuaded the said Jacob Gray and Amy Gray, his wife, to lease him the said premises, then occupied by the defendants, falsely stating that these defendants were without capital of their own, and that at any time they might have to close and go out of business; that through such fraudulent means and schemes, the defendants excited the fears of Jacob Gray and wife, Amy Gray, and induced them to execute a lease contract to said premises, beginning January 27, 1919, covering the said building occupied by the de-

fendants as well as the building in said town of Rosenberg, Tex., then occupied by the plaintiff, each of said buildings belonging to the said said Jacob Gray and Amy Gray, for the monthly rental of $100 per month. And the said L. A. Vogelsang then demanded of the defendants that they pay him a monthly rental for the lower floor only of the building then occupied by the said defendants on above-stated premises, Rosenberg, Tex.; and the defendants having no place in which to move their stock of goods, paid to the plaintiff from thence on until the 1st day of July, 1919, the sum of $75 per month under the belief that the said L. A. Vogelsang had an existing and valid lease to the said premises and upon the representations of the plaintiff that he had purchased the title to the said premises; but the said L. A. Vogelsang further intending to harass, embarass, and defraud the defendants, although the condition of the lease held by him from Jacob Gray and Amy Gray to the said building and premises was such that the same became void and inoperative at the failure of the said L. A. Vogelsang to pay any installment of rent on the first day of each month thereunder, and although collecting $75 per month from the defendants as rental for the lower floor of the said building occupied by them, did wholly fail to pay any rent to the said Jacob Gray and Amy Gray for any of the months of January, February, March, April, May, and June, 1919, and the said lease was under its terms and conditions then forfeited and void. And the said L. A. Vogelsang on the 1st of July, 1919, demanded of the defendants a monthly rental of $125 for the use of the lower floor of said building then occupied by them, well knowing that such amount was exorbitant and excessive, but made with the view to disturb the defendants as competitors, making this demand at a time when the leasehold held by him, the plaintiff, was already forfeited and his rights as lessee of Jacob Gray and Amy Gray at an end. ·

"In this connection, these defendants would further show with their answer and pleas herein, that on July 25, 1919, the said Jacob Gray and Amy Gray, not having received their rent as stipulated from the said L. A. Vogelsang under the said lease contract did by both written and verbal notice terminate the tenancy of the said L. A. Vogelsang and thereupon re-entered upon said premises and then rented same, that is, the lower floor of the said builidng then occupied by. the defendants, to the defendants, and after the defendants were occupying and holding same not as tenants of L. A. Vogelsang but as lawful tenants of said Jacob Gray and Amy Gray at the time of the institution of this suit and have been holding the same ever since."

Upon the trial in the court below the trial judge refused to permit appellants to introduce evidence in support of the averments of the answer above set out, and upon the evidence of plaintiff, which established the facts before stated, instructed. the jury to return a verdict for plaintiff, and upon the return of

236 S.W.—9

such verdict rendered judgment in favor of plaintiff against the defendants for the possession of the property and the recovery of $450.

We do not think the trial court erred in refusing to permit appellants to prove the facts set out in their answer in regard to fraud and misrepresentations of appellee in the procurement of the lease from Gray and wife. If there had been such fraud in the procurement of the lease, only Gray and wife could have rescinded the contract on that ground, and appellants certainly could not in this proceeding deny the title of their landlord on this ground.

The claim, that Gray and wife had declared the lease forfeited on July 25th for failure of appellee to comply with its terms and appellee's title and right of possession had thereby terminated before this suit was filed, presents a different question not free from doubt. We are relieved, however, of deciding the question, because it is shown by the docket and records of this court and by an agreement to postpone submission of this cause, filed in this court, that subsequent to the rendition of the judgment of the court below Jacob Gray and wife filed suit against appellee in the district court of Fort Bend county seeking to recover possession of all the property covered by the lease under which appellee holds the premises involved in this suit, on the ground that the lease had been forfeited and so declared by the lessees on July 25, 1919, for failure of appellee to comply with its terms. Appellants in this case were made parties to that suit and adopted the pleadings of plaintiffs Gray and wife. The trial of the suit in the district court resulted in a judgment in favor of the defendants, and Gray and wife perfected an appeal to this court.

The motion to postpone submission of this case was made on the ground that the appeal in the district court case which was pending in this court involved the question presented in this case, and, the parties to the two appeals being the same, the cases should be submitted and considered together. This motion was granted, and the cases were so submitted and considered.

In the case of Gray et ux. v. Vogelsang, 236 S. W. 122, this court, in an opinion not yet [officially] published, held that there had been no forfeiture of the lease in question and that appellee was entitled to retain possession of the property under said lease. This holding is conclusive of the question presented in this case, and requires an affirmance of the judgment of the court below.

Affirmed.